UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT BROWN | ) | Civil Action |
| Plaintiff | ) | Case No.: |
| | ) | |
| versus | ) | Section |
| | ) | Judge |
| GLF CONSTRUCTION CORPORATION | ) | |
| Defendant | ) | Magistrate Division |
| | ) | Magistrate Judge |

# **COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiff, Robert Brown, who for his Complaint respectfully avers:

1.

Plaintiff, Robert Brown, is a person of the full age of majority and a citizen of the State of Louisiana.

2.

Named Defendant is GLF Construction Corporation, a corporation registered to conduct business in the State of Louisiana, with its principal place of business in Miami, Florida.

3.

This Court has jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 30104 (the Jones Act), 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act, and the provisions of the general maritime law. Venue is appropriate pursuant to 28 U.S.C. § 98(a).

4.

Plaintiff designates this matter as a claim under Rule 9(h) of the Federal Rules of Civil Procedure.

5.

At all material times herein, Plaintiff, Robert Brown, was employed as a crane barge foreman by Defendant, GLF Construction Corporation, working in the navigable waters near Bimini Island in the Bahamas. Mr. Brown was a seaman within the meaning of the Jones Act.

6.

GLF Construction Corporation is an international engineering and construction company specializing in the heavy maritime construction projects. Mr. Brown was hired by GLF to work initially on a project in Louisiana, before being transferred to the Bimini project.

7.

On or about the evening of February 3, 2019, Mr. Brown was working on a crane barge owned, operated, or chartered by GLF. The crane barge was located in the shallow waters off the coast of Bimini Island, Bahamas. A storm was forecast to strike the Bimini project site, but Mr. Brown and his crew were instructed to leave the crane barge unsecured and in place.

8.

During the overnight hours and into the early morning of February 4, 2019, the weather and sea conditions worsened as the storm approached. As the sea conditions continued to deteriorate, the moorings on the crane barge dislodged. The crane barge was not fit for work or navigation in heavy sea conditions.

9.

At this time, Mr. Brown and his crew were roused, and instructed to board the crane barge and begin securing the barge and its equipment. By this time, however, the barge was rolling due to the heavy sea conditions, which caused Mr. Brown to fall and injure his back while

on deck. Despite this injury, Mr. Brown continued to attempt to work until his pain eventually became intractable.

10.

As a result of this incident, Mr. Brown suffered serious physical and mental injuries, including but not limited to, extensive medical treatment, lumbar spine surgery, and other resulting care, therapy, and medications.

11.

A proximate cause of the incident and injuries alleged herein was the negligence and fault of Defendant, through its agents, servants, and employees, as follows:

a) Failing to secure the crane barge prior to the arrival of storm and heavy sea conditions;
b) Failing to provide adequate and seaworthy tug and support vessels;
c) Failing to secure the crane barge prior to the arrival of the known hazardous weather and sea conditions;
d) Instructing the vessel crew to continue working in hazardous sea and weather conditions;
e) Failing to stop work in hazardous sea and weather conditions;
f) Failing to head hazardous sea and weather conditions;
g) Failing to provide a safe berthing and/or mooring;
h) Failing to properly train and/or supervise its employees;
i) Failing to maintain the barge and its appurtenances;
j) Failing to provide a seaworthy vessel;
k) Failing to provide adequate and safe gear, equipment, and appurtenances;
l) Failing to comply with applicable rules and regulations promulgated by OSHA, the United States Coast Guard, and/or other governmental and/or quasi-governmental agencies;
m) Failing to provide Plaintiff with a safe place to work;
n) Failing to provide Plaintiff with reasonable working conditions;
o) Failing to do what they should have done; and
p) All other acts of negligence and fault that may be identified during discovery and proven at trial.

12.

The incident was caused by no fault of Mr. Brown, and was caused by the exclusive fault and negligence of Defendant. At all material times Mr. Brown was performing the duties and functions he was instructed and obligated to perform.

13.

Mr. Brown brings an action for damages that includes, but is not limited to: (a) physical pain and suffering, past, present and future; (b) mental suffering, past, present and future; (c) loss of wages and/or loss of earning capacity, past, present and future; (d) scarring and disfigurement; (e) disability; (f) loss of fringe benefits; (g) medical expenses, past, present and future; (h) maintenance and cure, past, present and future; and (i) loss of enjoyment of life.

14.

Defendant is liable for the negligence and fault of its employees under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff, Robert Brown, respectfully prays that his Complaint be deemed good and sufficient, and that Defendant, GLF Construction Corporation, be duly served and summoned with a copy of this Complaint, and that it be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiff, Robert Brown, and against Defendant, GLF Construction Corporation, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

*/s/ Joseph S. Piacun*
JOSEPH S. PIACUN (25211)
REID S. UZEE (31345)
Gennusa | Piacun
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Telephone: (504) 867-4542
Facsimile: (504) 455-7565
Email: jpiacun@gp-lawyers.com
**Attorneys for Plaintiff, Robert Brown**